IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN L. TAYLOR, SR., | No. C 06-2731 WHA (PR) |
| Petitioner, | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** |
| v. | |
| MATT KRAMMER, Warden, | |
| Respondent. | |

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss on statute of limitations grounds and petitioner has filed an opposition. The motion is ready for decision.

**DISCUSSION**

The statute of limitations is codified at 28 U.S.C. § 2244(d). Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed

1  application for state post-conviction or other collateral review is pending is excluded from the
2  one-year time limit.  *Id.* § 2244(d)(2).
3        Plaintiff contends that his plea bargain called for him to receive a fifteen-year
4  sentence, not the fifteen-to-life sentence the respondent contends was agreed to.  His claim
5  here is that the plea bargain was breached when he was not released after serving fifteen years;
6  breach of a plea bargain can be a due process violation and a basis for habeas relief.  *See Santobello v.*
7  *New York*, 404 U.S. 257, 262 (1971).  The triggering date for the statute of limitations thus was when
8  "the factual predicate of the claim could have been discovered through the exercise of due diligence."
9  *See* 28 U.S.C. § 2244(d)(1)(4).  In the petition, petitioner says that he discovered he was not going to
10  be released after fifteen years when the fifteen years was up on June 29, 2001, and he was not
11  released.  Pet. at Ex. G.  In his opposition to the motion to dismiss he contends that he learned
12  of the purported breach on September 4, 2001, without explaining the difference in dates.  It
13  does not matter, however, because he did not file his first state habeas petition until
14  November 19, 2004, which is more than one year after the latest date he could be said to have
15  discovered the factual predicate for his claim.  This petition therefore is untimely.  The
16  motion to dismiss will be granted.

17        **CONCLUSION**
18        Respondent's motion to dismiss (document number 10 on the docket) is **GRANTED**.
19  The petition is **DISMISSED**.  The clerk shall close the file.
20        **IT IS SO ORDERED.**

21
22  Dated: August __28__, 2007.
23        WILLIAM ALSUP
      UNITED STATES DISTRICT JUDGE
24
25
26
27
28  G:\PRO-SE\WHA\HC.06\TAYLOR731.MDSMSS.wpd

2